IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KENNETH RAY JONES                                                                                   PLAINTIFF

v.                                          Civil No. 4:21-cv-4091

JASON KELLY, Health Service Administrator, SWACCC;
TINA MAXWELL; KRISTIAN LEMAY; DR. MOSES
MENEDEZ; and JOHN MINORS                                                                    DEFENDANTS

## ORDER

Plaintiff, Kenneth Ray Jones, filed this 42 U.S.C. § 1983 action *pro se* on November 15, 2022, in the Eastern District of Arkansas. (ECF No. 1). On November 22, 2021, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 3). Plaintiff's application to proceed *in forma pauperis* was granted on January 18, 2022. (ECF No. 11). In response to the Court's order, Plaintiff filed a Second Amended Complaint on February 3, 2022. (ECF No. 14). The issue before the Court is Plaintiff's failure to comply with orders of the Court.

On March 28, 2022, the Court ordered Plaintiff to respond by April 18, 2022, to a Motion to Dismiss filed by Defendants Lemay, Maxwell, and Minors. (ECF No. 23). On April 4, 2022, the Court ordered Plaintiff to respond to a Motion to Dismiss filed by Defendants Kelly and Menendez by April 25, 2022. (ECF No. 27). These orders informed Plaintiff that failure to comply would result in the case being dismissed without prejudice. Plaintiff did not respond, and the orders directing him to do so have not been returned as undeliverable.

On May 11, 2022, the Court entered an order directing Plaintiff to show cause by June 1, 2022, as to why he failed to comply with the Court's orders directing him to file responses to the Motions to Dismiss. (ECF No. 30). This order also informed Plaintiff that failure to comply would

result in this case being dismissed. To date, Plaintiff has not responded to the show cause order, and the order has not been returned to the Court as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey three orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Second Amended Complaint (ECF No. 14) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 23rd day of June, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge